UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANKIE SUNDANCE LEWIS a/k/a FRANK SARGENT,<br><br>Plaintiffs,<br><br>v.<br><br>EASTERN STATE HOSPITAL DOCTORS, MRS. MARCINKOWSKI, MRS. BORROMEO,<br><br>Defendants. | NO. CV-08-110-RHW<br><br>**ORDER DISMISSING AMENDED COMPLAINT** |

Before the Court is Plaintiff's letter dated August 17, 2008, which the Court construes as his Amended Complaint. (Ct. Rec. 12.) Plaintiff filed a letter, dated May 23, 2008, construed as a motion to direct service (Ct. Rec. 9), which was denied on August 7, 2008, with leave to amend (Ct. Rec. 11). Plaintiff filed a long and detailed document, construed as a complaint, on March 31, 2008. (Ct. Rec. 1). The Court directed him to file an application to proceed *in forma pauperis* on April 10, 2008 (Ct. Rec. 3). In that Order, the Court also directed Mr. Lewis to submit a complaint in the proper form. Mr. Lewis submitted a second complaint on April 29, 2008, which consists of a single cover sheet listing Defendants' names and alleging "malpractice," but which does not contain any other information (Ct. Rec. 8).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), the Court must review a complaint filed *in forma pauperis* for legal sufficiency. If the complaint is "frivolous, malicious, fails to state a claim on which relief may be granted, or seeks

**ORDER DISMISSING AMENDED COMPLAINT** * 1

monetary relief against a defendant who is immune from such relief" then the district court is required to dismiss the claim. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 n.7 (9th Cir. 2000).

A complaint, or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim to relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id.* at 1974. The Court must construe the pleading in the light most favorable to Plaintiff, and resolve all doubts in Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). On the basis of these standards, Plaintiff's present allegations fail to state a claim upon which relief can be granted and/or are frivolous.

Plaintiff's original complaint alleged Defendants caused him to endure "17 months of mental anguish" due to their treatment and evaluation of him in relation to a State court criminal case in 2003, which was eventually dismissed in 2004. Plaintiff's first complaint and amended complaint fall short of the legal requirements. Plaintiff has (1) failed to specifically identify which federal statutory or constitutional rights were allegedly violated, and (2) failed to make any allegations showing how the individually named Defendants caused or personally participated in depriving him of his federal or constitutional rights. Moreover, Federal Rule of Civil Procedure 8(a) requires a complaint to contain a short and plain statement of the grounds on which the Court's jurisdiction depends, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Rule 8(e)(1) requires averment of a pleading be simple, concise, and direct. Plaintiff's first complaint does not meet this requirement, nor does his most recent, amended complaint.

**ORDER DISMISSING AMENDED COMPLAINT** * 2

Furthermore, the Court gave Plaintiff an opportunity to amend his complaint to comply with the Federal Rules of Civil Procedure and with federal law by specifically alleging the following:

(1) The names of the persons who caused or personally participated in causing the alleged deprivation of his federal or constitutional rights;

(2) The dates on which the conduct of each Defendant allegedly took place; and

(3) The specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff failed to set forth these factual allegations in his amended complaint. As in the original complaint, Plaintiff only generally alleged that certain doctors committed "malpractice" when they found him incompetent to stand trial for burglary charges, and that the doctors owe him damages in excess of $2.5 million. (Ct. Recs. 1 & 12). Plaintiff has had an opportunity to amend, and this pleading cannot be cured by allegations of other facts. Therefore, this case is not legally sufficient to proceed *in forma pauperis* and Plaintiff's letter, dated August 17, 2008, construed as an amended complaint (Ct. Rec. 12), is **DISMISSED for failure to state a claim under 28 U.S.C. § 1915(e)(2).**

**IT IS SO ORDERED.** The District Court Executive is directed to enter the Order, forward a copy to Plaintiff, and **close the file**.

**DATED** this 11th day of September, 2008.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2008\Lewis\ifp.deny.ord.wpd

**ORDER DISMISSING AMENDED COMPLAINT** * 3